## George W. Lewis *v.* Abijah Fisk and another.

Plaintiff having obtained an injunction from a State court, to stay an execution about to be levied on his property, was subsequently declared a bankrupt by the District Court of the United States, under the bankrupt law of 1841. A rule having been afterwards taken in the State court, to show cause why the injunction should not be dissolved, or further security given : *Held*, that by the decree of bankruptcy, the State court was divested of all jurisdiction, having no authority to decide questions involving the adjustment of privileges and liens among the creditors of the bankrupt, or the distribution of the funds of his estate.

Under the bankrupt law of 1841, all the estate of the bankrupt is, by the issuing of the decree of bankruptcy, *ipso facto*, vested in the assignee. It is his duty to take possession without delay, and to administer the property to the best advantage for the benefit of the creditors. If resistance be made, the State courts will grant the necessary process to enable him to do so. The assignee may make himself a party to suits in the State courts in place of the bankrupt, and take the necessary steps to protect the property and interests confided to his care.

If the goods of one who has been declared a bankrupt under the act of 1841, be seized in execution and sold, before possession has been taken by the assignee, they may be recovered in an action against the Sheriff, or the plaintiff in execution, if he accompanied the Sheriff, or specially directed the seizure.

Appeal from the District Court of Natchitoches, *King*, J.

Garland, J. Lewis presented his petition, stating that Fisk had obtained a judgment against him, by confession, in the Commercial Court of New Orleans. He avers, that when said confession of judgment was made, there was an agreement between him and Fisk, that no execution should be issued on it, until he (Lewis,) should request it. He alleges that Fisk has issued an execution in violation of the agreement made between them, and has levied it on all the stock of merchandize in his (Lewis') store, and is about to sell the same.

He further represents, that he is in insolvent circumstances, and was then preparing his schedule and papers, preparatory to taking the benefit of the Bankrupt law, passed by Congress in 1841, but that he had not time to complete the documents, as the sale would take place the next day. He, therefore, prays that the Sheriff and Fisk may be enjoined from proceeding on the execution, that he (Lewis,) may take the necessary measures to

have his property, or its proceeds fairly distributed among his creditors. The injunction was accordingly issued.

Fisk, for answer to this petition, admitted all the allegations in it, except the one that he had agreed not to issue execution on the judgment against Lewis; this he denied; and, in answer to the interrogatories propounded to him, said positively, that there was no such condition as that alleged, nor any condition whatever attached to the confession of judgment in his favor.

At the term of the court subsequent to the filing of the answer, Henry A. Bullard appeared, and in a petition of intervention, alleged himself to be the assignee of Lewis, who had been decreed a bankrupt by the District Court of the United States, for the Western District of Louisiana. Bullard alleged, that all the property and estate of the Bankrupt had vested in him in trust for all the creditors. He stated the existence of the seizure under the execution enjoined, and referred to the petition for the injunction and to the allegations it contained. He prayed to be allowed to intervene, and to be made a party in the place and stead of Lewis, and that the goods seized, might be delivered to him as such assignee, free from any lien or incumbrance on account of the seizure, which he averred to be null and inoperative, as soon as the said Lewis became a bankrupt. He further represented, that the judgment by confession in favor of Fisk, on the eve of bankruptcy, was a fraud, and that the confession of the same, and the seizure thereon, conferred no rights. He further represented, that Fisk had proved his claim as a creditor of the bankrupt, under the decree. He, therefore, prayed that the injunction might be made perpetual; that the goods seized might be declared his property as assignee, reserving to Fisk his right to share in the distribution of the funds of the bankrupt's estate, to be made under the order of the District Court of the United States. The service of this petition was acknowledged by the counsel for Fisk, who also entered into an agreement with the intervenor, as assignee of the bankrupt, that the goods seized should be sold by the Sheriff, and the proceeds retained in his hands, until the decision of this suit, and then paid to the party entitled to them by the decision.

Various exceptions were taken by the counsel of Fisk to this intervention after it was filed, but it is not necessary to state

them, as no judgment was rendered on them in the court below. The fact of the bankruptcy of Lewis, and the appointment of his assignee is not denied. A motion was then made by the counsel of Fisk, to dissolve the injunction, because the sureties on the bond had become insolvent, since they signed it. The record does not inform us, whether this motion was notified to the assignee. He made no objection to it in writing ; and we can only infer, that it was known to him, or his counsel, from the fact of some person having cross-examined the witnesses called to testify as to the situation of the sureties. The Judge ordered the plaintiff to give additional security on the bond within eight days, which not being given, he dissolved the injunction with $100, as special damages. From this judgment, the assignee has appealed.

The counsel for the appellee insists upon the affirmance of the judgment, on the authority of the articles in our code which declare, that when a party is legally required to give security, he must give such as is good and sufficient ; and that if the sureties given become insolvent, others that are good must be substituted. But it has escaped his attention, that there are other questions in the case, much more important. The judgment orders the plaintiff, (Lewis,) to give the additional security, and in default thereof, dissolves the injunction, and decrees him to pay damages. At the time when this decree was rendered, it is not denied that Lewis had been declared a bankrupt, and was, therefore, incapable of standing in judgment. If, by the petition of intervention, it is to be understood that the assignee had become a party to the suit in the place of Lewis, the order to give security would not seem to apply to him in his capacity of assignee. But admitting that it does, it is erroneous, as the Judge had no authority to make such a decree after the bankruptcy. Other persons then became interested in the questions, whether the judgment in favor of Fisk was collusive and fraudulent, or whether he had obtained a lien on the merchandize seized under his execution ; which questions, we think, are exclusively cognizable in the District Court of the United States, when the assignee proceeds to make a distribution of the funds collected. The State tribunals have nothing to do with a question, whether a judgment was rendered in fraud, or

for the purpose of giving an undue preference, in contemplation of bankruptcy, after the bankruptcy has been decreed ; nor can they pass upon the questions that may arise, as to liens and preferences among the creditors. In various cases in the Eastern District, we have arrested parties, who were proceeding under orders of seizure, attachment, and executions, notwithstanding the decree in bankruptcy. See *Clarke, Assignee of Zabriskie* v. *Rosenda and another*, 5 Robinson, 27, and other cases.

When the decree in bankruptcy issues, all the bankrupt's estate and effects of every kind, *ipso facto*, vest in the assignee, fully and absolutely. It is his business to take possession without delay, and to proceed to administer the property to the best advantage for the benefit of the creditors ; and if resistance be made to his taking possession, the courts will, on application, grant him the necessary process to enable him to do so. He may make himself a party to suits in which the bankrupt is a party in the State courts, and take the legal steps to protect the property and interests confided to his care ; but neither he, nor the creditors, can call upon the State tribunals to decide upon questions involving the distribution of the fund, or the adjustment of privileges, or liens, or fraudulent preferences given by the bankrupt, or the like questions. If the bankrupt's goods be taken in execution and sold, after a decree has issued, and before possession is taken by the assignee, they may be recovered in an action against the Sheriff, or against the plaintiff in the execution, if he accompanied the Sheriff, or specially directed the seizure. Owen on Bankruptcy, 252, and authorities there cited.

To show more conclusively, that the State tribunals have not in cases of bankruptcy, any right to pass upon such questions as are presented in this case, we will suppose that we were trying the case upon its merits. The first question would be, that of collusion between Lewis and Fisk, as to the confession of judgment, and the agreement not to issue execution, and whether this was in contemplation of bankruptcy, and for the purpose of giving an unjust preference ; and secondly, whether Fisk by his seizure, had acquired a lien on the goods seized. Is it not clear, that these are questions in which all the creditors of the bankrupt are interested ? Is it not also clear, that if our decision did not accord

with that of the Judge of the United States Court, he could order the assignee, in distributing the funds, to give a preference or not? And would not the assignee be bound to obey his decree?

The judgment of the District Court is, therefore, annulled and reversed; and we do prohibit, and enjoin the defendant Fisk, and the Sheriff of the Parish of Natchitoches, from proceeding further on the execution enjoined, the defendant Fisk paying the costs in both courts; but reserving to him all his rights against the assignee of Lewis, in any court that has jurisdiction over them.

*Sherburne* and *J. B. Smith,* for the plaintiff.

*Pierson,* for the defendants.

*Bullard,* appellant, *pro se.*